Exhibit 1

8/9/2022 12:27 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 67099645
By: Monica Jackson
Filed: 8/9/2022 12:27 PM

Cause No. _____

| | | |
|---|---|---|
| JANICE JACKSON, | § | IN THE DISTRICT COURT OF |
| INDIVIDUALLY AND AS | § | |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF HER LATE HUSBAND, | § | |
| MICHAEL WAYNE JACKSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| CITY OF HOUSTON, | § | |
| *Defendant.* | § | |
| | § | \_\_\_\_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff JANICE JACKSON, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF HER LATE HUSBAND, MICHAEL WAYNE JACKSON ("Ms. Jackson"), and files this Original Petition against Defendant City of Houston (the "City") and for cause of action would show:

## DISCOVERY CONTROL PLAN

1.      Pursuant to Rule 190, Discovery Limitations, this lawsuit is governed by Rule 190.3, Discovery Control Plan Level 2.

## NATURE OF LAWSUIT

2.      This is an action for damages arising out of an incident involving a motor vehicle operated by a City of Houston Police Department officer resulting in Michael Wayne Jackson's untimely death on or about December 4, 2021, in Harris County, Texas.

For Official Governmental Use Only - Do Not Disseminate to the Public: 103409737 - Page 1 of 7

For Official Governmental Use Only - Do Not Disseminate to the Public: 103409737 - Page 2 of 7

## JURISIDCTION AND VENUE

3.      This Court has jurisdiction over the parties, as the City is a governmental entity in located within Harris County, Texas. All statutory prerequisites to this suit against the City, including the provision of written notice, have been satisfied.

4.      Venue in Harris County is proper in this cause under Section 15.002(a)(l) of the TEX. CIV. PRAC. & REM. CODE because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## PARTIES

5.      Janice Jackson is a resident of Harris County Texas.  Ms. Jackson is the surviving wife of Michael Wayne Jackson, and no Administrator of the Estate of Michael Wayne Jackson is necessary, nor has one been appointed.  Ms. Jackson has standing to maintain this action, including for wrongful death, under Texas Civil Practice & Remedies Code §§ 71.001-71.004 and 71.021.  Ms. Jackson thus brings this action pursuant to section 71.021 of the Texas Civil Practice & Remedies Code, commonly known as the "survival statute," as well as pursuant to the common laws of the State of Texas, for her own benefit as heir of the Estate of Michael Wayne Jackson and on behalf of the Estate of Michael Wayne Jackson, as well as individually under the Texas Wrongful Death Act.

6.      Defendant City of Houston may be served with process by serving <u>City Secretary, 900 Bagby Street, Houston, Texas 77002</u>.

2

## FACTUAL BACKGROUND

7.      Michael Wayne Jackson was walking on a public sidewalk to get a haircut near the intersection of Reed Road and Scott Street on December 4, 2021 when he was struck and killed by a Houston police vehicle (the "Incident").  The officer driving the vehicle (the "HPD Driver") was enroute to another officer, who had completed pursuing a suspect. The HPD Driver was thus the "back-up" officer.  By the time the HPD Driver hit Mr. Jackson, the pursuit had ended.   According to the Texas Department of Transportation's report, the HPD Driver was "traveling at an unsafe speed for the roadway conditions and performed a faulty evasive action to avoid stopped traffic by going on the sidewalk."  As a result of the HPD Driver's complete disregard for safety, his vehicle violently and fatally struck Mr. Jackson.

8.      The Incident occurred as a result of the wrongful acts, omissions, and/or negligence by Houston Police Department officer(s) in the course and scope of his/their employment and in the furtherance of the City's business, proximately causing the death of Mr. Jackson and arising from the operation or use of a motor-driven vehicle or motor-driven equipment, such that the officer(s) would be personally liable to Ms. Jackson under applicable Texas law.

9.      Mr. Jackson and Ms. Jackson were married for nineteen years.  Mr. Jackson is survived by Ms. Jackson and his children.

## BASIS FOR LEGAL RESPONSIBILITY

10.      The Incident occurred as a result of the wrongful acts, omissions, and/or

3

For Official Governmental Use Only - Do Not Disseminate to the Public: 103409737 - Page 3 of 7

negligence by the City's employees in the course and scope of his/their employment and in the furtherance of the City's business, proximately causing the death of Michael Wayne Jackson and arising from the operation or use of a motor-driven vehicle or motor-driven equipment, such that the employee(s) would be personally liable to the family of Michael Wayne Jackson under applicable Texas law.

## CAUSE(S) OF ACTION

11.     Ms. Jackson would show that the Incident was caused by the negligence of the City of Houston as detailed below.  The officer who struck and killed Mr. Jackson had a duty to exercise the same care as a reasonably careful driver would use to avoid harm to others under similar circumstances.  As a result of the collision between Michael Wayne Jackson, a pedestrian, and a motor vehicle operated by an officer employed by the City of Houston, Mr. Jackson was killed.  Thus, Mr. Jackson's death was proximately caused by the officer's negligent acts and/or omissions, including but not limited to one or more of the following actions taken with conscious indifference or reckless disregard for the safety of others:

a.     Failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances.

b.     Traveling at a faster rate of speed than a person exercising ordinary care and prudence would have traveled under the same or similar circumstances, in violation of the applicable provisions of V.T.C.A. Transportation Code, § 545.351 and 545.352 (2001 supp).

c.     Failing to make such a timely and proper application of the brakes as would

For Official Governmental Use Only - Do Not Disseminate to the Public: 103409737 - Page 4 of 7

For Official Governmental Use Only - Do Not Disseminate to the Public: 103409737 - Page 5 of 7

have been made by a person exercising ordinary care and prudence under the same or similar circumstances.

       d.     Failing to make such turning movements of the vehicle in question as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances.

       e.     Failing to yield the right-of-way to Mr. Jackson in violation of the applicable provisions of V.T.C.A. Transportation Code, § 545.151 and 545.153 (2001 supp.), which also constituted negligence, per se.

## DAMAGES

       12.     Upon trial of this case it will be shown that Ms. Jackson sustained injuries and damages as a proximate result of the negligence of the City's officer(s).  Ms. Jackson will request the Court and Jury to determine the amount of loss she has incurred in the past and will incur in the future.  Ms. Jackson is entitled to have the Jury in this case separately consider certain elements of damages provided by law to determine the sum of money for each element that will fairly and reasonably compensate Plaintiff for injuries, damages, and losses incurred and to be incurred.  Elements of damages from the date of the Incident until the time of trial of this case and in the future beyond the time of trial are as follows:

       a.     Physical pain and mental anguish that Michael Wayne Jackson suffered at the time of the Incident to the time of his death.

       b.     Mental anguish that Ms. Jackson suffered from the date of the Incident to the time of trial and in the future beyond the time of trial.

c. Loss of support, loss of inheritance, loss of earning capacity, loss of household services, and loss of companionship/society/comfort/love suffered by Ms. Jackson.

d. Reasonable and necessary funeral and burial expenses for Michael Wayne Jackson.

### PRAYER

13. Mr. Jackson's family recognizes that the Court in this matter will be the ultimate determiners of the fair and reasonable compensation for the losses caused by the negligence of the City of Houston and its employees. At this time, based upon the legal standards and damages recoverable, Ms. Jackson believes the damages recoverable should be no more than $3.5 million. This amount is subject to change as the investigation on behalf of Ms. Jackson continues and further facts are uncovered.

Respectfully submitted,

**DOYLE DENNIS LLP**

_____

MICHAEL PATRICK DOYLE
State Bar No. 06095650
PATRICK M. DENNIS
State Bar No. 24045777
JEFFREY I. AVERY
State Bar No. 24085185
EMMA R. BROCKWAY
State Bar No. 24125156
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Phone: 713.571.1146
Fax:  713.571.1148
service@doylelawfirm.com

6

For Official Governmental Use Only - Do Not Disseminate to the Public: 103409737 - Page 6 of 7

**ATTORNEYS FOR**
**PLAINTIFF JANICE JACKSON**

For Official Governmental Use Only - Do Not Disseminate to the Public: 103409737 - Page 7 of 7



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   January 4, 2023

Certified Document Number:      103409737 Total Pages:  7

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**