# Exhibit 3

9/6/2022 2:09 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 67979514
By: cassie combs
Filed: 9/6/2022 2:09 PM

Cause No. 2022- 48417

| | | |
|---|---|---|
| **JANICE JACKSON, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF HER LATE HUSBAND, MICHAEL WAYNE JACKSON** | § § § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § § | **HARRIS COUNTY, TEXAS** |
| **v.** | § § | |
| **THE CITY OF HOUSTON** | § | |
| *Defendant* | § | **113ᵀᴴ JUDICIAL DISTRICT** |

## HOUSTON'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THE COURT:

COMES NOW, the City of Houston (Houston), a home-rule municipality[1], and answers the Original Petition of Janice Jackson, Individually and as Representative of the Estate of her Late Husband, Michael Wayne Jackson (Plaintiff) and shows the Court the following:

### General Denial

1. Houston enters a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure.

### Governmental Immunity Affirmative Defenses

2. Houston pleads governmental immunity from suit in bar of all of Plaintiff's claims.

---

[1] In accordance with TEX. LOCAL GOV'T CODE § 9.008(b), Houston asks this Court to take judicial notice of its published Charter – Houston's status as a Texas home-rule City.

Page 1

3. Houston pleads governmental immunity from liability as an affirmative defense to all of Plaintiff's claims.

4. Houston pleads that Plaintiff Janice Jackson, Individually, claims are barred by and/or do not fall within the waiver of Chapter 101 of the Texas Civil Practice. & Remedies Code.

5. Houston pleads and claims all of the exemptions and exceptions from, and limitations on, liability provided by the Texas Tort Claims Act, §101.001 et seq., of the Texas Civil Practice & Remedies Code, [TTCA].

6. To the extent Houston's employees are entitled to official immunity for actions complained of by Plaintiff, Houston is immune from suit.

7. Houston's employee(s) at all times relevant to this suit, acted in good faith, with probable cause to believe that all his or her actions were reasonable and prudent, and in conformance with accepted practices and procedures and as such one, are entitled to official and qualified immunity.

8. Houston pleads the emergency vehicle exception to waiver, §101.055(2) of the TTCA.

### General Defenses

9. In the alternative, Defendant asserts that the proximate cause of the Plaintiff's alleged damages was the negligence of one or more of the following: un-related Co-Defendant(s), Third Party Defendant(s), settling parties, or Responsible Third Parties over whom Houston had no right of control and whose negligence should be submitted to the jury for the purposes of determining settlement credit, contribution, proportionate

responsibility, and/or joint and several liability under the provisions of the Texas Civil Practice of Remedies and Code § 33.001 *et seq*.

10. For further answer, Houston pleads sudden emergency.

11. Houston pleads that the accident was unavoidable.

12. Houston asserts its statutory right to contribution under Texas law in proportion to the percentage of fault, if any, attributable to any other defendant or settling person or entity.

13. The damages, if any, sustained by Plaintiff were caused by an act of God or nature.

14. Plaintiff failed to mitigate her damages.

15. Plaintiff's injuries, if any, were not caused by the accident in question but were caused by incidents, circumstances, or accidents that occurred prior and/or subsequent to the accident made the basis of this suit. Plaintiff's injuries, if any, were the result of pre-existing and/or subsequent conditions and were not created or aggravated by the accident in question.

16. Houston asks the Court and Jury to consider the relative damages and conduct of the parties and all tortfeasors, including the Plaintiff, and accord Houston full benefit of TEX. CIV. PRAC. & REM. CODE ANN. Chapter 33, Subchapters A & B.

17. In claims involving responsible third parties who have caused damages by a criminal act :Plaintiff's damages are caused by five suspects who stole a vehicle at gunpoint. Houston's driver was responding to an Officer Assist emergency call where another HPD police officer was able to apprehend three of the minor suspects who stole

Page 3

the vehicle and the police officer was calling out on the air for other officers to arrive to assist with the three apprehended minor suspects.

18. Houston pleads qualified immunity. At the time and on the occasion complained of, Houston's employees acted in good faith, under the circumstances presented to them. At all material times through this action, Houston's employees possessed and exercised a reasonable belief in the validity of the statutes and Constitution upon which they exercised authority.

19. To the extent that the Plaintiff's medical expenses exceed the amount actually paid or incurred by or on behalf of Plaintiff, Houston asserts the statutory defense set forth in §41.0105 of the Texas Civil Practice & Remedies Code. Recovery of medical or healthcare expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiff.

20. Further, to the extent the Plaintiff is seeking recovery for loss of earnings, loss of wages, loss of earning capacity and/or loss of contributions of pecuniary value, evidence of this alleged loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law as required by §18.091 of the Texas Civil Practice & Remedies Code. Houston further requests the Court to instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal income taxes.

21 Plaintiff's claims for loss of earnings or other pecuniary losses must be presented in form of net loss after reduction from income pursuant to the provisions of the Texas Civil Practice & Remedies Code. Houston is entitled to and claims an offset of any

Page 4

amounts of Plaintiff's claimed damages that Plaintiff has already received from his or her employer's worker's compensation coverage carrier.

22.   In addition or in the alternative, pursuant to the Patient Protection and Affordable Care Act and common-law, Plaintiff has a duty to mitigate the amount of future damages for medical care by purchasing a health insurance policy no later than March 31, 2014 in accordance with the Individual Mandate prescribed in 26 U.S.C. Section 5003A, et seq. Further, Defendant's potential liability for future medical care should be limited to the amounts not covered under the ACA for co-pays and deductibles.  In the alternative, if Plaintiff has purchased a health insurance policy pursuant to the individual mandate, Plaintiff's future medical expenses are limited to the amount the ACA will actually pay for medical expenses and not the full retail cost of future medical care.

23.   Houston invokes Rule 193.7 of the Texas Rules of Civil Procedure and gives notice of its intention to use any and all documents produced in discovery responses as evidence in any pre-trial proceedings or the trial itself.

24.   A trial by jury is hereby demanded in the above referenced cause.

### PRESERVATION OF EVIDENCE

25.   Houston requests and demands that Plaintiff preserves and maintains all evidence relating to any claim or cause of action related to the incident made the basis of this lawsuit, or the damages that Plaintiff alleges to have resulted therefrom, including, but not limited to, photographs, videotapes, audiotapes, digital recordings of any kind, other recordings, business, employment, and/or medical records, bills, estimates, invoices, checks, measurements, correspondence, memoranda, electronic files, paper files, any

Page 5

item removed from the scene of the incident made the basis of this lawsuit, all facsimile transmissions, emails, voice mails, text messages, investigation records, cellular telephone records, calendar entries, and any electronic images, data, and or information

FOR THESE REASONS, Houston prays that upon final hearing Plaintiff takes nothing against said Houston by reason of this suit; that Houston goes hence without day, and that it recovers its costs and have such other relief to which it may be justly entitled.

        Respectfully submitted,

        **ARTURO G. MICHEL**
        **City Attorney**
        **KELLY A. DEMPSEY**
        **Chief, Torts/Civil Rights Section**

By: *Jaqueline I. Leguizamon*
        Jaqueline I. Leguizamon
        Senior Assistant City Attorney
        Texas Bar No. 12172100
        CITY OF HOUSTON LEGAL DEPARTMENT
        P.O. Box 368
        Houston, Texas 77001-0368
        Telephone: No. (832) 393-6473
        Facsimile: (832) 393-6259
        Email jackie.leguizamon@houstontx.gov

Attorneys for Defendant
CITY OF HOUSTON, TEXAS

Page 6

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing instrument was forwarded to the following attorney(s) of record on the <u>6th</u> day of **September, 2022**, pursuant to Rule 21a, Texas Rules of Civil Procedure:

Michael Patrick Doyle
Patrick M. Dennis
Jeffrey L. Avery
Emma r. Brockway
Doyle Dennis LLP
3401 Allen Parkway, Suite 100
Houston, Texas 77019
service@doylelawfirm.com
**Via Electronic service**

*Jaqueline I. Leguizamon*
Jaqueline I. Leguizamon

Page 7

Cause No. 2022- 48417

| | | |
|---|---|---|
| **JANICE JACKSON, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF HER LATE HUSBAND, MICHAEL WAYNE JACKSON** | § § § § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiff* | § § | **HARRIS COUNTY, TEXAS** |
| **v.** | § § | |
| **THE CITY OF HOUSTON** | § § | |
| *Defendant* | § | **113TH  JUDICIAL DISTRICT** |

THE STATE OF TEXAS    §

§    UNSWORN DECLARATION

COUNTY OF HARRIS    §

My name is Jaqueline Irene Leguizamon, and I am an employee of the following governmental agency: City of Houston Legal Department, City of Houston, Texas.

I am executing this declaration as part of my assigned duties and responsibilities.

I currently hold the position of Senior Assistant City Attorney in the Torts/Civil Rights Section of the City of Houston Legal Department, City of Houston, Texas.  I have been employed with the City of Houston for more than twenty-five (25) years.  I have personal knowledge of the facts in this declaration and the statements are true and correct.  I am more than twenty-one years of age, am of sound mind, have never been convicted of a crime, and am otherwise competent to testify.

I have read the foregoing Houston's Original Answer to the Original Petition of Janice Jackson, Individually and as Representative of the Estate of her Late Husband, Michael Wayne Jackson and Paragraphs 2-8 are true and correct based on personal knowledge.

I declare under penalty of perjury that the foregoing is true and correct.

*Jaqueline J. Leguizamon*
Jaqueline Irene Leguizamon

EXECUTED in   Harris   County, State of   Texas  , on the   6th   day of   September  , **2022.**

Page  8

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jackie Leguizamon
Bar No. 12172100
jackie.leguizamon@houstontx.gov
Envelope ID: 67979514
Status as of 9/6/2022 3:39 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Michael PatrickDoyle | | service@doylelawfirm.com | 9/6/2022 2:09:31 PM | SENT |
| Emma R.Brockway | | Ebrockway@doylelawfirm.com | 9/6/2022 2:09:31 PM | SENT |
| Brittany Gonzales | | bgonzales@doylelawfirm.com | 9/6/2022 2:09:31 PM | SENT |
| Arturo G.Michel | | arturo.michel@houstontx.gov | 9/6/2022 2:09:31 PM | SENT |
| Kelly A.Dempsey | | kelly.dempsey@houstontx.gov | 9/6/2022 2:09:31 PM | SENT |
| Jaqueline I.Leguizamon | | jackie.leguizamon@houstontx.gov | 9/6/2022 2:09:31 PM | SENT |
| MLiss McGee | | mliss.mcgee@houstontx.gov | 9/6/2022 2:09:31 PM | SENT |
| Michele Holt | | michele.holt@houstontx.gov | 9/6/2022 2:09:31 PM | SENT |
| Emma R.Brockway | | Ebrockway@doylelawfirm.com | 9/6/2022 2:09:31 PM | SENT |
| Jaqueline I.Leguizamon | | jackie.leguizamon@houstontx.gov | 9/6/2022 2:09:31 PM | SENT |
| Michael PatrickDoyle | | service@doylelawfirm.com | 9/6/2022 2:09:31 PM | SENT |



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   January 4, 2023

Certified Document Number:        103884699 Total Pages:  9

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**