IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANICE JACKSON ET AL., | § § § | |
| PLAINTIFFS, | § § | |
| V. | § § | CIVIL ACTION NO. 4:23-CV-00052 |
| CITY OF HOUSTON., | § § § | |
| DEFENDANT. | § | |

### **NON-PARTY COURTNEY LANE'S MOTION TO INTERVENE**

NOW COMES Courtney Lane, a resident of Houston, respectfully requesting that the Court grant his Motion to Intervene and file his Complaint in Intervention, attached hereto as Exhibit 1.

### **Background**

Like each of the men killed as a result of Houston police officers' dangerous, unnecessary, and unjustifiable high-risk operations of HPD vehicles whose families are already plaintiffs herein, Mr. Lane was also an innocent bystander severely injured (fortunately surviving, but with lifelong impacts) by Houston police officers engaging in the same wrongful conduct in a targeted neighborhood. Mr. Lane's suit shares with the pending matter common questions of law and fact, included focused Section 1983 claims. And under Rule 24(b), the court may permit anyone who has a claim or defense that shares with the main action a common question of law or fact to intervene. Mr. Lane's claims share common questions of law and fact with Plaintiff, the families of Mr. Jackson, Mr. Wiley, and Mr. Henderson. Efficient use of judicial and party resources strongly supports this timely intervention by Mr. Lane, yet another black Houstonian unfortunate enough to be driving Black in a predominately Black neighborhood as HPD officers embarked upon another dangerous, unnecessary, and unjustifiable high-risk operation of HPD vehicles.

1

**Argument**

The Fifth Circuit has confirmed that intervention should be permitted "where no one would be hurt and greater justice could be attained."[1] Moreover, the Fifth Circuit has also recognized a presumption in favor of intervenors.[2] Specifically, the Circuit recognized that intervenors' interests are presumed to be adequately represented where the intervenor "possesses the same ultimate objectives as an existing litigant" and there is an absence of a showing of adversity of interest, collusion, or nonfeasance.[3]

In general, Rule 24 represents "an accommodation between two potentially conflicting goals: to achieve judicial economies of scale by resolving related issues in a single lawsuit, and to prevent the single lawsuit from becoming fruitlessly complex or unending."[4] Following this, the Fifth Circuit has instructed courts to consider whether the proposed intervenor is adequately represented by the existing parties and whether the intervenor's presence is likely to provide significant contributions to the development of the underlying factual issues.[5]  Permissive intervention is wholly discretionary for the district court.[6]

Under Rule 24(b), permissive intervention is appropriate when "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication

---

[1] *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (citation omitted).
[2] *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 (5th Cir. 1989)
[3] *Id*.
[4] *United States v. Tex. E. Transmission Corp*., 923 F.2d 410, 412 (5th Cir. 1991) (quoting *Smuck v. Hobson*, 408 F.2d 175, 179 (D.C. Cir. 1969) (en banc)).
[5] *Clements*, 884 F.2d at 189; *see also Texas v. United States Dep't of Homeland Sec*., No. 6:23-CV-00007, 2023 U.S. Dist. LEXIS 68949 at *9 (granting the intervenors' motion); *Miniex v. Houston Hous. Auth*., 2019 U.S. Dist. LEXIS 94062 (S.D. Tex. June 5, 2019) (granting the intervenors' 24(a)(2) motion to intervene); *Adams v. CLDN Tankers PTE Ltd*., 2018 U.S. Dist. LEXIS 228677 (granting the intervenors' 24(a)(2) motion to intervene).
[6] New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co., 732 F.2d 452, 470-71 (5th Cir. 1984).

of the rights of the original parties."[7] These three factors weigh strongly in favor of Mr. Lane's intervention.

A. Timeliness

First, the Fifth Circuit has confirmed that "[t]imeliness is not a word of exactitude or of precisely measurable dimensions. The requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice."[8] Here, the Court's Order Following Telephone Scheduling Conference does not contain a deadline for new parties or class allegations. Moreover, this case is set for trial in April 2024, and the City of Houston has not filed any dispositive motions. Mr. Lane's Motion is timely.

B. Common Question of Law or Fact

Next, Mr. Lane's claims share common questions of law and fact with the main action. In *Texas v. United States Dep't of Homeland Sec.*, the court determined that the plaintiffs' claims were "clearly related" to the proposed intervenors' arguments and arose from the same set of facts and considerations because both sought to defend the lawfulness of the parole program, and both involved DHS's implementation of the new parole program.[9] Thus, the court granted the proposed intervenors' motion to intervene under Rule 24(b). Like the intervenors in *Texas v. United States*

---

[7] *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 n.2 (5th Cir. 1989).
[8] *Miniex v. Houston Hous. Auth*. 2019 U.S. Dist. LEXIS 94062 at *4 (S.D. Tex. June 5, 2019) (citing McDonald v. E.J. Lavino Co., 430 F.2d 1065, 1074 (5th Cir. 1970)).
[9] *See Texas*, 2023 U.S. Dist. LEXIS 68949 at *9 (collecting cases); *see also Franciscan All., Inc. v. Azar*, 414 F.Supp.3d 928, 940 (N.D. Tex. 2019) (permitting intervention where proposed intervenors have a "defense that shares with the main action a common question of law or fact'" because the "defense is directly related to the underlying controversy" (quoting Fed. R. Civ. P. 24(b)(1)); *EEOC v. Commercial Coating Serv., Inc*., 220 F.R.D. 300, 302-03 (S.D. Tex. 2004) (permitting intervention where proposed intervenor's claims "arise largely from the same set of facts" as those of the parties); *Tex. v. United States*, No. 6:21-CV-00003, 2021 U.S. Dist. LEXIS 22814, 2021 WL 411441, at *2 (S.D. Tex. Feb. 6, 2021).

*Dep't of Homeland Sec.*, Mr. Lane's claims share common questions of law and fact with Plaintiffs' claims against the City of Houston.

For background, Plaintiffs' First Amended Complaint (the "Complaint"), which was filed on December 16, 2022, is based on the violations of the constitutional rights of innocent bystanders Michael Wayne Jackson, Carl Lee Wiley Jr., and Rashad Henderson, among others unfortunate enough to be driving Black in predominately Black neighborhoods in the City of Houston as HPD officers embarked upon dangerous, unnecessary, and unjustifiable high-risk operations of HPD vehicles. For years, the policymakers within City of Houston adopted a custom, practice, pattern, and usage of authorizing police officers to profile Black drivers and racially target predominantly Black neighborhoods when engaging in high-speed pursuits. Thus, Plaintiffs' families filed the Complaint because the City's policy, custom, practice, and usage were the moving force that caused the deaths of Jackson, Wiley, and Henderson.

Like Plaintiffs, Mr. Lane has suffered serious injuries as a result of HPD's targeting of Black drivers in predominantly Black neighborhoods. On February 21, 2023, at around 5pm, Terry Rogers, a 26-year-old Black man, and Jaya Branch, a 17-year-old Black girl, were in a pick-up truck in the historically Black neighborhood of Inwood. HPD Officer Poteet and Officer Lawrence initiated a stop of Rogers and Branch. Prior to the stop, Officer Poteet and Officer Lawrence knew that Rogers was Black. Rogers fled. HPD then initiated a high-speed chase in Inwood. Immediately prior to the chase, HPD made the decision to engage a high-speed chase guided by the race of the driver (Black) and the neighborhood based on its racial demographics (majority Black).

Instead of taking precautions, HPD profiled the driver based on his race (Black) and the neighborhood based on its racial demographics (majority Black). As HPD chased the driver, the

4

suspect ran through a red light and struck Courtney while he was waiting on a red light on his motorcycle. Due the force of the collision, Mr. Lane suffered severe injuries to his knee, ten broken ribs, 3-degree burns, a fractured pelvis and a punctured lung. And as was the case in the deaths of Jackson, Wiley, and Henderson, prior to the chase, HPD knew that nature of criminal activity was not the type of conduct that required "immediately tak[ing] the suspect into custody," when weighed against the "possible risks to the public resulting from the pursuit."[10] Likewise, HPD and other officers driving the vehicle also knew that "[c]ollisions are a predictable outcome of police pursuits."[11] And that a large portion of pursuits end in collisions, including harm to third parties.[12] Despite that knowledge, HPD intentionally decided to profile the neighborhood and suspect, knowing that the risk to the public was substantial and there was high likelihood of a vehicle crash and potential injury.[13] Put differently, HPD maintained a purpose to cause harm – racially profiling the driver and suspect – unrelated to the legitimate object of arrest.[14] Based on that, HPD's conduct shocks the conscience.[15]

Like Plaintiffs, Mr. Lane has alleged identical Section 1983 violations against the City of Houston. Specifically, Plaintiffs and Mr. Lane have both alleged[16]:

1. 42 U.S.C. § 1983 – Municipal liability for a policy, custom usage, or ratification against the City of Houston for Violations of the 14th Amendment Substantive Due Process Clause

2. 42 U.S.C. § 1983 – Municipal liability for a policy, custom usage, or ratification against the City of Houston for Violations of the 14th Amendment Equal Protection Clause and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq.

---

[10] Plaintiffs' First Amended Petition ¶ 60.
[11] Plaintiffs' First Amended Petition ¶ 60.
[12] Plaintiffs' First Amended Petition ¶ 66.
[13] Plaintiffs' First Amended Petition ¶ 71.
[14] Plaintiffs' First Amended Petition ¶ 71.
[15] Plaintiffs' First Amended Petition ¶ 79.
[16] *See* Exhibit 1, Courtney Lane's Complaint in Intervention; Plaintiffs' First Amended Petition.

3. Municipal liability for a policy, custom usage, or ratification against the City of Houston for Violations of 42 USC § 1982

4. 42 U.S.C. § 1983 – Municipal liability for failure to train, supervise, and discipline, and failure to create policies mandating training, supervision, and discipline against the City of Houston for Violations of the 14th Amendment Substantive Due Process Clause

5. 42 U.S.C. § 1983 – Municipal liability for failure to train, supervise, and discipline, and failure to create policies mandating training, supervision, and discipline against the City of Houston for Violations of the 14th Amendment Equal Protection Clause and Title VI of the Civil Rights Act of 1964

6. 42 U.S.C. § 1983 Municipal liability for failure to train, supervise, and discipline, and failure to create policies mandating training, supervision, and discipline against the City of Houston for Violations of 42 USC § 1982

Thus, Mr. Lane's claims share common questions of law with Plaintiffs' claims.

The City of Houston's police officers intended to profile and target the fleeing drivers, the neighborhoods, and Courtney Lane, Michael Wayne Jackson, Carl Wiley Jr. and Rashad Henderson based on their race and the City's racial profiling. As a result of the City's policies and practices, and the unjustified and unreasonable conduct of the City, Lane – like Plaintiffs – has suffered the injuries identified in this Complaint in Intervention, including severe past and future emotional distress, pain and suffering, disfigurement, impairment, lost wages, and medical care. The only distinction between Mr. Lane and Michael Wayne Jackson, Carl Wiley Jr. and Rashad Henderson is that Mr. Lane survived. Put bluntly, Mr. Lane's intervention is especially critical, as Michael Wayne Jackson, Carl Wiley Jr. and Rashad Henderson are no longer alive – due to the City's actions – to share their stories.

C. Lack of Prejudice

Mr. Lane's intervention should also be granted because it will not delay or hinder any of the proceedings in this action. Indeed, this matter is in the early stages of litigation. The City of Houston has not filed any dispositive motions.  Further, the Court's Order Following Telephone

Scheduling Conference does not contain a deadline for new parties or class allegations. Put differently, the City of Houston is unable to point to any prejudice it will suffer if Mr. Lane's Motion is granted. In contrast, denial of Mr. Lane's motion would result in judicial inefficiency because he has asserted Section 1983 claims that are identical to Plaintiffs' claims. Indeed, judicial resources will be best utilized if Mr. Lane is allowed to intervene and assert his claim simultaneously with Plaintiffs.

## Conclusion

THEREFORE, Mr. Lane respectfully moves for an order allowing his Complaint in Intervention to be filed in this proceeding and, after due proceedings, for a judgment as prayed for in the Complaint in Intervention.

Respectfully submitted,

**DOYLE DENNIS LLP**

_____
MICHAEL PATRICK DOYLE
State Bar No. 06095650
PATRICK M. DENNIS
State Bar No. 24045777
JEFFREY I. AVERY
State Bar No. 24085185
EMMA R. BROCKWAY
State Bar No. 24125156
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Phone: 713.571.1146
Fax:    713.571.1148
service@doylelawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

Reginald E. McKamie, Sr.
Law Office Reginald E. McKamie, Sr. PC
2120 Welch St.
Houston, TX 77019
mckamie@mckamie.com

**CO-COUNSEL FOR PLAINTIFF CAMILLA SIMPSON, AS NEXT FRIEND OF XXXXXXX XXXXX AND ARLENE GALLIEN**

**CERTIFICATE OF CONFERENCE**

I, the undersigned attorney, conferred with Defendant's counsel via e-mail on May 22, 2023. Defendant's counsel advised that Defendant is opposed to this Motion.

<u>/s/Emma Rose Brockway</u>
Emma R. Brockway

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that a true and correct copy of the foregoing document was forwarded to counsel of record on this the 31st day of May, 2023, via ECF, hand delivery, overnight courier, U.S. Mail, certified mail, return receipt request, or facsimile, pursuant to the Federal Rules of Civil Procedure:

Melissa Azadeh
City of Houston Legal Department
P.O. Box 368
Houston, TX 77002-0368
**ATTORNEY FOR DEFENDANT**

_____
Michael Patrick Doyle