IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANICE JACKSON ET AL., | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:23-CV-00052 |
| | § | |
| CITY OF HOUSTON., | § | |
| | § | |
| DEFENDANT. | § | |

**<u>NON-PARTY COURTNEY LANE'S REPLY IN SUPPORT OF MOTION TO INTERVENE</u>**

Defendant is opposed to Mr. Lane's intervention for three reasons. First, Defendant incorrectly believes that the case's stage of litigation supports denial of the motion. However, Plaintiffs' lawsuit is in the early stages of litigation, as the parties have not conducted depositions and Defendant has not responded to Plaintiff's initial discovery requests, and the parties will not be harmed if Mr. Lane's motion is granted. Additionally, Defendant argues that Mr. Lane's allegations are dissimilar to Plaintiffs. Defendant is wrong, as Lane's and Plaintiffs have alleged nearly identical facts and law. Lastly, Defendant has misconstrued Mr. Lane's allegations and argues that the Court lacks subject matter over Mr. Lane's claims because Mr. Lane cannot assert violations of the rights of third parties. However, Mr. Lane has sufficiently alleged and articulated the harm he suffered due to Houston police officers' dangerous, unnecessary, and unjustifiable high-risk operations of an HPD vehicle. For the reasons below, Defendant's arguments should be rejected, and Mr. Lane's intervention should be permitted.

First, Defendant argues that Mr. Lane's Motion to Intervene should be denied because a joint discovery and case management plan and scheduling order have been entered. Defendant also incorrectly claims that the parties have exchanged "substantial" disclosures and commenced

1

written discovery. These grounds for denying Lane's motion are unpersuasive. This case is in the early stages of litigation. Indeed, the parties have not conducted any depositions, and Plaintiffs have not received Defendant's discovery responses, to date, as Defendants' discovery responses are due by June 27, 2023.[1] Thus, Mr. Lane's motion should not be denied on any grounds related to the case schedule and timeliness.

Next, Defendant argues that the facts and law in Mr. Lane's Complaint in Intervention are dissimilar to the same in Plaintiffs' lawsuit. Again, Defendant is wrong. Like the men who were killed as a result of Houston police officers' dangerous, unnecessary, and unjustifiable high-risk operations of HPD vehicles and whose families are already plaintiffs herein, Mr. Lane was **also** an innocent bystander severely injured by Houston police officers engaging in the same wrongful conduct in a targeted neighborhood. Thus, Mr. Lane's suit shares with the pending matter common questions of law and fact, included focused Section 1983 claims. Moreover, Defendant's arguments in response to Mr. Lane's intervention mirror its arguments in Defendant's Motion to Sever, which the Court denied. For example, in its Motion to Sever, Defendant argued that Mr. Jackson was not killed by officers engaged in a pursuit or traffic stop, unlike Mr. Henderson and Mr. Wiley.[2] Additionally, Defendant argued that Mr. Wiley was not killed by an HPD officer or vehicle, unlike Mr. Jackson.[3] Defendant also noted that because the chase that resulted in Mr. Henderson's death was initiated by a 911 call from the suspect's mother, Henderson's case was dissimilar to the other plaintiffs.[4] However, the Court rejected these arguments.[5] Now, Defendant has recycled nearly identical arguments in opposition of Lane's proposed intervention. Indeed,

---

[1] See Exhibit 1, Email Granting Extension.
[2] Defendant's Motion to Sever p. 3.
[3] *Id*.
[4] *Id*. at p. 5.
[5] *See* Order Denying Motion to Sever.

that "Lane does not even allege that the fleeing driver was being stopped for a 'minor' traffic infraction" is irrelevant.[6] Indeed, under Rule 24(b), intervention is appropriate because Mr. Lane's claims share common questions of law and fact with Plaintiffs, as Mr. Lane – like the innocent bystanders in *Janice Jackson v. City of Houston* – is a Black Houstonian unfortunate enough to be driving Black in a predominately Black neighborhood as HPD officers embarked upon another dangerous, unnecessary, and unjustifiable high-risk operation of HPD vehicles.

Defendant also relies heavily on *James v. Harris Cty. Sheriff's Dep't* in support of its opposition to Lane's proposed intervention. There, the proposed intervenor was the victim of an officer-involved shooting.[7] Specifically, Sheriff Wilkinson stopped a vehicle driven by Harrison, and the stop resulted in the shooting and killing of Harrison.[8] The Internal Affairs Department subsequently conducted an investigation and determined that Sheriff Wilkinson did not breach any policy, practice or procedure.[9] Harrison subsequently filed a lawsuit against the sheriff and County.[10] The proposed intervenor in *James* was a volunteer law enforcement officer, who was shot to death by one or more unidentified officers.[11] At the time the proposed intervenor moved to intervene, discovery was to be completed only three months from the date of the proposed intervention.[12] In denying the proposed intervenor's motion, the court noted that the discovery deadline was three months from the date of the proposed intervention, and the Internal Affairs Department had not even conducted its investigation into the proposed intervenor's matter.[13]

---

[6] Defendant's Response to Courtney Lane's Motion to Intervene.
[7] *James v. Harris Cty. Sheriff's Dep't*, No. H-04-3576, 2005 U.S. Dist. LEXIS 51650 at *3 (S.D. Tex. Aug. 9, 2005).
[8] *Id*. at 3.
[9] *Id*.
[10] *Id*.
[11] *Id*. at 4.
[12] *Id*.
[13] *Id*.

Moreover, the court explained that an officer-involved shooting death alone does not, by itself, constitute grounds for permissive intervention.[14]

Unlike the *James* proposed intervenor, the discovery deadline in this lawsuit is not until January 10, 2024 – more than 7 months from the date Mr. Lane filed his Motion to Intervene.[15] Moreover, the policymakers within City of Houston adopted a custom, practice, pattern, and usage of authorizing police officers to profile Black drivers and racially target predominantly Black neighborhoods when deciding whether to engage or participate in high-speed pursuits. Like Mr. Jackson, Mr. Wiley, and Mr. Henderson, Mr. Lane was one of the innocent bystanders who was victimized by this practice.

Lastly, Defendant has incorrectly argued that Mr. Lane seeks to pursue third parties' Substantive Due Process, Equal Protection, and Title VI, and 42 U.S.C. § 1982 claims. In reality, Mr. Lane has asserted these claims on his own behalf and has standing to do so. Defendant misunderstands and misconstrues Mr. Lane's claims. Indeed, Defendant has challenged Mr. Lane's standing to assert substantive due process claims. It appears Defendant has argued that Mr. Lane cannot assert the constitutional violation of third-party rights. These are not Mr. Lane's claims. Rather, Lane has argued that because the officers racially profiled the neighborhood, area, and roads, when deciding to stop the vehicle and engage in a pursuit, the officers conduct, including the injury to Lane, shocks the conscious under the Fourteenth Amendment. Furthermore, Plaintiff has pleaded that the officers intended to harm the suspects because the officers racially profiled and targeted the suspects. Likewise, prior to the chase, the officers racially targeted the neighborhood and intentionally made the decision to engage in a pursuit based on the race of the driver and the racial makeup of the neighborhood. And based on this arbitrary and reckless

---

[14] *Id*.
[15] *Id*. at *7.

conduct, the officers decided to endanger Lane and others in the community based on racially motivated intent that shocks the conscious.

Importantly, because the officers conscious shocking conduct arose from the profiling prior to the pursuit, the higher standard for intent under *County of Sacramento v. Lewis*, 523 U.S. 833 (1998) does not apply. Indeed, this is not the case where an officer was required to make "instant judgment" regarding a pursuit. Instead, the officers engaged in racial profiling of the suspect and those in the neighborhood, and, as a result, engaged in a high speed pursuit because of that profiling. As this District has previously noted, when a case does not implicate this high-speed chase standard, the Court should apply the deliberate indifference standard. See *Kemp v. City of Houston*, 2013 U.S. Dist. LEXIS 116104 (S.D. Tex. Aug. 16, 2023)("First, it is important to note that this is a roadblock case, not a high-speed-chase case. Thus, the U.S. Supreme Court's clear holding that a shocks-the-conscience claim does not lie in high-speed chase cases where no intent to harm is shown is not dispositive. Second, the evidence at least raises a question of fact as to whether the officers were deliberately indifferent to the safety of the individuals who occupied the parked vehicles.")

Only a few years, the District Court of Maryland also addressed a similar issue in *Johnson v. Balt. Police Dep't*, 452 F. Supp. 3d 283 (D. Mar. 2020). That case also involved the death of innocent bystanders in a pursuit by police of third-parties. The Court first explained the *Lewis* decision and noted that "[t]o be sure, there is a long line of cases holding that a police officer's engaging in a highspeed pursuit, eventually leading to the death of an innocent bystander uninvolved in the pursuit, is not, by itself, conscience-shocking behavior." Id. at 301. But, the Court explained that the officers in *Johnson* "were not driven by their "instinct to do [their] job as a law enforcement officer," but instead by "an improper or malicious motive," such as to "terrorize,

5

[or] cause harm" to" the suspects. The Court noted that "the facts alleged plausibly demonstrate an instance in which two citizens 'suffer[ed] . . . physical injury due to a police officer's intentional misuse of his vehicle," not just injury due to mere negligence, or even gross negligence." In all, the Court held that "[a]n officer's actions motivated by an intent to harm a suspect are no less conscience shocking, whether the resulting harm accrues to the intended target (the suspect), or an innocent third party."

Consistent with Johnson and Kemp, the officers in Plaintiff's proposed intervention where not motivated by their "instinct to do [their] job as a law enforcement officer." As stated in Lane's pleading:

> Likewise, Defendant's conduct was based on racial animus, in that Defendant intended to treat Lane and members of the Black population differently than other residents and occupants of the city of Houston. Defendant treated Lane and Black residents and drivers of Houston differently from white drivers. Specifically, Defendant profiled Black drivers when it decided whether to engage or not engage in a high-speed pursuit. Similarly, Defendant profiled Black neighborhoods in Houston, when it decided whether to engage or not engage in a high-speed pursuit.

> Similarly, Defendant intended to discriminate against Lane. Defendant, through its officers, knew that HPD officers had a miniscule risk of harm from the risk of a vehicle crash during a highspeed chase. Defendant, through its officers, also knew that high speed pursuits created a substantial risk of harm to the public and to the fleeing drivers. Indeed, Defendant knew that approximately one-third of pursuits resulted in crashes. By initiating a highspeed chase based on Defendant's racial profiling of the fleeing drivers and demographics of the neighborhoods, Defendant was consciously intended to harm the rights of Lane and others within the community. Defendant intended to worsen Lane's legal rights and the legal rights of the drivers by racial profiling them. Likewise, Defendant intentionally acted to initiate high-speed chases for reasons that violated the Constitution, knowing that there was a high probability of harm.

> Defendant's conduct was not incidental to any legitimate objective of arresting or pursuing the fleeing drivers. Rather, Defendant intended and targeted the fleeing drivers, the neighborhoods, and Lane based on their race and Defendant's racial profiling

In all, just like *Johnson*, Mr. Lane's Complaint in Intervention has identified conduct that shocks the conscience under the 14th Amendment. Plaintiff maintains standing for this claim

Case 4:23-cv-00052   Document 15   Filed on 06/21/23 in TXSD   Page 7 of 9

because he has alleged that his 14th amendment rights (and Section 1982 rights) have been violated, not a third-party. Indeed, "[a]n officer's actions motivated by an intent to harm a suspect are no less conscience shocking, whether the resulting harm accrues to the intended target (the suspect), or an innocent third party."

In addition, this Court has subject matter jurisdiction over the remainder of Mr. Lane's requested relief. Indeed, although Defendant has stated that Mr. Lane's injuries are attributable to "a third party over whom the City has no control," Mr. Lane's Complaint in Intervention confirms the opposite. Indeed, Mr. Lane pled that he had an established right under 42 USC § 1982 to be free from discrimination and be treated equally and the right to use public and private property, including the use of their vehicles, sidewalks, and roads in their neighborhoods.[16] Moreover, he pled that Defendants intentionally discriminated against Lane's right under 42 USC § 1982 to be free from discrimination and be treated equally and the right to use public and private property, including the use of his motorcycle on a public road in his neighborhood.[17] Specifically, HPD's policies were the motivating factor in the injuries to Lane based on HPD's treating of Lane's right to use property differently, including racial profiling of drivers, vehicles, neighborhoods, and roads.[18] Thus, Lane has sufficiently articulated the harm **he** has suffered, as opposed to the harm suffered by a third-party. And more importantly, Lane's injuries are attributable to Defendant – not the third-party suspect involved in the collision.

Therefore, Mr. Lane respectfully moves for an order allowing his Complaint in Intervention to be filed in this proceeding.

Respectfully submitted,

**DOYLE DENNIS LLP**

---

[16] Complaint in Intervention ¶ 92.
[17] *Id*.
[18] *Id*.

7

_____
MICHAEL PATRICK DOYLE
State Bar No. 06095650
PATRICK M. DENNIS
State Bar No. 24045777
JEFFREY I. AVERY
State Bar No. 24085185
EMMA R. BROCKWAY
State Bar No. 24125156
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Phone: 713.571.1146
Fax:   713.571.1148
service@doylelawfirm.com
**ATTORNEYS FOR PLAINTIFFS**

Reginald E. McKamie, Sr.
Law Office Reginald E. McKamie, Sr. PC
2120 Welch St.
Houston, TX 77019
mckamie@mckamie.com

**CO-COUNSEL FOR PLAINTIFF CAMILLA SIMPSON, AS NEXT FRIEND OF XXXXXXX XXXXX AND ARLENE GALLIEN**

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that a true and correct copy of the foregoing document was forwarded to counsel of record on this the 21st day of June, 2023, via ECF, hand delivery, overnight courier, U.S. Mail, certified mail, return receipt request, or facsimile, pursuant to the Federal Rules of Civil Procedure:

Melissa Azadeh
City of Houston Legal Department
P.O. Box 368
Houston, TX 77002-0368
**ATTORNEY FOR DEFENDANT**

                                                  _____
                                                  Michael Patrick Doyle