IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANICE JACKSON, INDIVIDUALLY, AND AS REPRESENTATIVE OF THE ESTATE OF HER LATE HUSBAND, MICHAEL WAYNE JACKSON; ARLENE GALLIEN, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF CARL WILEY JR.; CAMILA SIMPSON AS NEXT FRIEND OF XXXXXXX XXXXX, GYNELL HENDERSON, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF RASHAD HENDERSON; AND JOHN HENDERSON JR., INDIVIDUALLY, | § § § § § § § § § § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 4:23-CV-00052 |
| THE CITY OF HOUSTON, | § § § | |
| Defendant. | § | |

**DEFENDANT CITY OF HOUSTON'S RULE 12(B)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant City of Houston ("Defendant" or "City") files this Motion to Dismiss the Plaintiffs amended pleadings for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P., and respectfully shows the following:

**TABLE OF CONTENTS**

**NATURE AND STAGE OF THE PROCEEDING** ............................................................................ 1

**ISSUES PRESENTED** .................................................................................................................. 1

**STANDARD OF REVIEW** ............................................................................................................ 2

    A. 12(B)(1) dismissal for lack of subject matter jurisdiction ................................................ 2

    B. Article III Standing. ........................................................................................................... 3

**ARGUMENT AND AUTHORITIES** ............................................................................................ 4

    I. Plaintiffs fail to plausibly allege injuries in fact fairly traceable to the City under 42 U.S.C. 1983, 42 U.S.C. § 1982, or Title VI.......................................................... 4

    II. Plaintiffs lack standing to vicariously assert deprivations of Equal Protection or Substantive Due Process under the Fourteenth Amendment, or Title VI claims. ............... 7

    III. Plaintiffs lack statutory standing and fail to state an injury in fact actionable under 42 USC § 1982.......................................................................................................... 8

    IV. Plaintiffs lack standing and fail to allege an injury in fact under the Fourteenth Amendment, Substantive Due Process Clause. .................................................................... 9

    V. The Court lacks subject matter jurisdiction over Plaintiffs' alleged state law causes of action. ................................................................................................................ 11

        A. Henderson and Wiley were not injured or killed by a City employee's negligent operation or use of a motor vehicle.............................................................................. 11

        B. The emergency exception applies to bar Jackson's claims....................................... 12

**CONCLUSION AND PRAYER**.................................................................................................... 14

**VERIFICATION**........................................................................................................................... 15

**CERTIFICATE OF SERVICE** .................................................................................................... 16

## NATURE AND STAGE OF THE PROCEEDING

Janice Jackson as the alleged surviving wife of Michael Wayne Jackson initiated this action in state court claiming negligence arising from a motor vehicle accident on December 4, 2021. Doc. 1-1.  Doc. 4-1 at ¶61-62.  The City was served on August 16, 2022, and filed an answer on September 6, 2022.  Docs. 1-2, 1-3.

On December 7, 2022, the state court judge granted the City's opposed motion for leave to designate three suspects as responsible third parties, and granted the City's special exceptions, ordering Jackson to amend her pleadings within thirty days to state the basis for waiver of the City's governmental immunity for Jackson's negligence per se claim.  Docs. 14-1, 14-2, 14-3.

On December 16, 2022, Jackson filed an amended petition adding two additional sets of plaintiffs who assert claims arising from the deaths of Carl Wiley, Jr., on February 7, 2020, and Rashad Henderson on December 17, 2020, and federal causes of action.  Doc. 4-1.

The City timely removed to this Court.  Doc. 1.  On February 28, 2023, the Court denied the City's motion to sever the improperly joined parties and claims.  Doc. 9.  A scheduling order was entered on April 17, 2023.  Doc. 12.

## ISSUES PRESENTED

1. Plaintiffs fail to plausibly allege injuries in fact fairly traceable to the City based on the conduct of, and injuries caused by, independent third parties not before court.

2. Plaintiffs lack standing to vicariously assert deprivations of Equal Protection or Substantive Due Process under the Fourteenth Amendment, or Title VI claims, on behalf of non-party fleeing drivers.

3. Plaintiffs lack statutory standing and fail to state an injury in fact actionable under 42 USC § 1982.

4. The Court lacks subject matter jurisdiction over Plaintiffs' alleged state law causes of action because the pleadings fail to establish a waiver of the City's governmental immunity.

## STANDARD OF REVIEW

A.  **12(B)(1) dismissal for lack of subject matter jurisdiction**

Subject-matter jurisdiction is inherently a threshold matter. *Steel Co v Citizens for a Better Environment*, 523 US 83, 94–95 (1998), quoting *Mansfield, Coldwater & Lake Michigan Railway Co v Swan*, 111 US 379, 382 (1884). This is because "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A decision to hear a case that's beyond the subject-matter jurisdiction of a federal court isn't a "mere technical violation," but is instead "an unconstitutional usurpation" of power. Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 3522 (West 3d ed April 2022 update).

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a defendant to seek dismissal of an action for lack of subject-matter jurisdiction at any time. Fed. R. Civ. P. 12(b)(1); *Moore v Bryant*, 853 F3d 245, 248 n 2 (5th Cir 2017). Consideration of a Rule 12(b)(1) motion isn't limited simply to the facts pleaded in the complaint but may instead include any evidence submitted by the parties, such as affidavits, testimony, and documents. *Kasali v FBI,* 2017 WL 6343654, *2 (S.D. Tex. 2017); *Paterson v Weinberger,* 644 F2d 521, 523 (5th Cir 1981). Discretion also exists to weigh any competing evidence based on credibility assessments. *Williamson v Tucker,* 645 F2d 404, 413 (5th Cir 1981) (citation omitted).

Dismissal is appropriate "when the court lacks the statutory or constitutional power to adjudicate the claim." *In re Federal Emergency Management Agency Trailer Formaldehyde Products Liability Litigation*, 668 F3d 281, 286 (5th Cir 2012), quoting *Home Builders Association Inc v City of Madison*, 143 F3d 1006, 1010 (5th Cir 1998) (internal quotations omitted). Indeed, a presumption against subject matter jurisdiction exists that "must be rebutted by the party bringing

an action to federal court." *Coury v Prot*, 85 F3d 244, 248 (5th Cir 1996).

  **B.**  **Article III Standing.**

  "The Supreme Court has repeatedly emphasized that Article III jurisdiction is always an antecedent question because hypothetical jurisdiction produces nothing more than a hypothetical judgment." *In re Gee*, 941 F.3d 153, 156 (5th Cir. 2019) (citations omitted, emphasis added). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). Federal courts have an affirmative duty to examine *sua sponte* the basis for subject matter jurisdiction and Article III constitutional standing, specifically, is a jurisdictional prerequisite that must be raised *sua sponte* by the Court. *See Union Planters Bank Nat. Assn. v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004); *Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 331-32 (5th Cir. 2002).

  The irreducible constitutional minimum of standing contains three elements. *Lujan v Defenders of Wildlife*, 504 US 555, 560–61 (1992) (multiple citations omitted). First, the plaintiff must have suffered an "injury in fact," an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not "conjectural" or "hypothetical." *Id.* Second, there must be a causal connection between the injury and the conduct complained of; the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. *Id.* Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Id. See also Spokeo Inc v Robins*, 578 US 330, 338 (2016) (citing *FW/PBS, Inc v Dallas*, 493 US 215, 231 (1990)). A plaintiff bears the burden of establishing each element and must clearly allege facts at the pleading stage that demonstrate each criterion. *Id.* (quoting *Warth v Seldin*, 422 US 490, 518 (1975)).

## ARGUMENT AND AUTHORITIES

I. **Plaintiffs fail to plausibly allege injuries in fact fairly traceable to the City under 42 U.S.C. 1983, 42 U.S.C. § 1982, or Title VI**

The Supreme Court long ago noted that to satisfy standing under Article III, "the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Lujan*, 504 US at 560 (cleaned up). Further, when a theory of standing relies on a "highly attenuated chain of possibilities," the injury in fact requirement of standing is not satisfied." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013).

Plaintiffs assert several federal causes of action, and state law negligence claims, each depending upon either: (1) alleged policy, custom usage, or ratification, of racially profiling drivers and neighborhoods for initiating highspeed chases;[1] (2) general "custom, practice, or usage of HPD to engage in high-speed pursuits and risking harm to innocent by-standers because, officers know that officers have little to no risk of harm when the [sic] engage in a high-speed pursuit,"[2] which "create[] a substantial risk of harm to the public and to the fleeing drivers,"[3] or (3) both. Plaintiffs do not allege facts, however, establishing that they themselves were chased or discriminated against by Defendant or its officers. Their claims rely exclusively on the alleged pursuits of non-party fleeing drivers, and the alleged racial profiling of those drivers for highspeed chases. Plaintiffs' alleged injuries were caused exclusively by the criminal, intentional, and reckless actions of private actors not before the Court.

Both Carl Wiley, Jr. and Rashad Henderson were allegedly injured and killed by collisions with vehicles driven by private parties neither employed by the City nor acting under its control, whose intentional and criminal conduct caused their deaths. Carl Wiley, Jr. was killed by a fleeing

---

[1] Doc. 4-1 at ¶¶6, 7, 8, 9, 31, 33, 34, 51-60, 66, 67, 71, 76, 78-82, 89, 91-93, 95, 98, 101, 103, 106, 107, 111.
[2] Doc. 4-1 at ¶¶2, 5, 21, 22, 25, 60, 66, 68, 71, 78, 79, 80, 92, 105, 113, 125.
[3] Doc. 4-1 at ¶¶2, 20, 26, 27, 28, 79, 80, 119, 125.

4

driver, Cameron Rogers, who after leading HPD officers on a pursuit, ran a red light at high speeds and struck Wiley's vehicle. *Id.* at ¶¶58-60. Cameron Rogers has been indicted for aggravated assault with a motor vehicle and causing the death of Carl Wiley.[4]

Plaintiffs admit a minor female driving a stolen vehicle "in an unsafe, erratic manner," "turned north on Galveston Road, where she struck Rashad Henderson's vehicle at a high rate of speed, thereby pushing Mr. Henderson's vehicle off the road and into a tree." Doc. 4-1 at ¶¶68-69. The minor female, K.S., has been charged with the murder of Rashad Henderson. *See* Exhibit 1.[5] Neither an HPD driver nor vehicle were involved in the alleged injuries. *Id.* The female driver was not being chased by an HPD officer when the collision allegedly occurred. *Id*. at ¶¶67-70. Plaintiffs allege HPD officers had abandoned their earlier pursuit of said female driver because she was driving too dangerously. Plaintiffs claim, however, that the officer failed to notify assisting jurisdictions of his decision to terminate the pursuit, suggesting a subsequent pursuit by other law enforcement agencies, who nevertheless did not cause the fleeing driver to continue to drive recklessly at high speeds, crashing her vehicle into Henderson's vehicle. Doc. 4-1 at ¶¶68-69. *See Louisiana v. Biden*, 64 F.4th 674, 682 (5th Cir. 2023) ("We find no "injury in fact" here, because Plaintiffs' alleged harms "rel[y] on a highly attenuated chain of possibilities.").

Although Michael Wayne Jackson was allegedly injured and killed by a collision with an HPD vehicle, his federal claims are premised on the alleged earlier pursuit of armed robbers and the dangers they created by leading officers on a highspeed pursuit. Doc. 14-3. HPD Officer

---

[4] Doc. 5-1. *The State of Texas v. Cameron Rogers*, Cause No. 175794801010 in the 338th Criminal District Court of Harris County, Texas. The Court may take judicial notice of public records and proceedings of another court under Rule 201, Federal Rules of Evidence. FED. R. CIV. 201.

[5] *See* Exhibit 1, certified copy of the TxDOT Crash Investigation Report for the 12/17/2020 collision that caused the death of Rashad Henderson, for which the minor female, K.S., was charged with murder. *See id.* at 4. A crash investigation report may be judicially noticed as a public record. TEX. TRANSP. CODE § 550.062. *See Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). FED. R. EVID. 201(b). *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). The court must take notice of a fact if "a party requests it and the court is supplied with the necessary information." FED. R. EVID. 201(c)(2).

Hernandez and his partner were en route to assist in a robbery, not a pursuit. Doc. 14-3 at 2-3, 8.[6] The officers requiring assistance had pursued and already apprehended three of five unknown suspects who had stolen a vehicle at gunpoint at a Fiesta parking lot. *Id.* Doc. 4-1 at ¶¶61-62. Plaintiffs allege that Officer Hernandez recklessly drove his vehicle at high speeds in slippery conditions, swerved as he approached an intersection and veered his vehicle onto the sidewalk, striking Jackson who was a pedestrian. *Id.* at ¶¶61-62. Plaintiffs do not claim Officer Hernandez knew Jackson's race, was aware that Jackson was on the sidewalk, intentionally struck Jackson because of his race or the racial demographics of Jackson's neighborhood. Nor do they plausibly allege that Officer Hernandez or his partner were pursuing any vehicle or doing so for discriminatory reasons. *Id.* at ¶¶61-63. Their claims rely on the ***other*** officers' earlier pursuit and apprehension of armed carjackers in another location, who they allege were Black. *Id.* at ¶63.

Plaintiffs alleged federal injuries, if any, were the result of the intentional and criminal conduct of those fleeing suspects and are not fairly traceable to the City or its employees. *See Bernabe v. Rosenbaum*, No. 21-10396, 2023 U.S. App. LEXIS 889, *6-7 (5th Cir. 2023) (unpublished) (plaintiff "had very recently engaged in dangerous behavior by leading police on a high-speed chase to avoid apprehension"); *Scott v. Harris*, 550 U.S. 372, 384, 386 (2007) (recognizing danger as having been created by fleeing suspect who "posed an actual and imminent threat to the lives of any pedestrians who might have been present, to other civilian motorists, and to the officers involved[.]"); *Davis v. Romer*, 600 F. App'x 926, 927 (5th Cir. 2015) (treating as fleeing driver "who intentionally placed himself and the public in danger.") (citation omitted).

Moreover, Plaintiffs' claims hinge on the alleged pursuits of persons who would be barred from asserting claims themselves under *Heck v. Humphrey*, 512 U.S. 477 (1994), as they have been

---

[6] See Doc. 14-3 at 7-13, certified copy of the HPD Crash Investigation Report was attached to the City's opposed motion to designate responsible third parties in the state court proceedings and may be judicially noticed pursuant to FED. R. EVID. 201. Doc. 14-3 at 7-13.

6

criminally charged or convicted for offenses arising from the incidents.[7] Thus, Plaintiffs lack standing to assert claims on behalf of Cameron Rogers, the minor female, or the armed carjackers apprehended without injury elsewhere, and irrespectively, those claims are barred as indirect challenges to pending criminal charges.[8]

## II. Plaintiffs lack standing to vicariously assert deprivations of Equal Protection or Substantive Due Process under the Fourteenth Amendment, or Title VI claims.

Persons claiming a deprivation of constitutional rights are required to show a deprivation of their personal rights, as opposed to the rights of others. *Coon v. Ledbetter*, 780 F.2d 1158, 1159 (5th Cir. 1986); *Barrows v. Jackson*, 346 U.S. 249, 255 (1953) ("Ordinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party."); *see also Resendez v. Texas*, 440 F. App'x 305, 306 (5th Cir. 2011). Similarly, "a plaintiff may assert only his own right to be free from discrimination that has an effect upon him and may not assert the rights of others to be free from discrimination." *Equal Employment Opportunity Commission v. Mississippi College*, 626 F.2d 477, 483 (5th Cir. 1980) (emphases added). It is well settled that constitutional rights may not be vicariously asserted. *See Pyle v. City of Harlingen*, No. 1:13-147, 2014 U.S. Dist. LEXIS 37196, at *29 (S.D. Tex. 2014) (citations omitted).

Plaintiffs lack standing to assert violations of the constitutional rights of third parties or claim intentional discrimination on their behalf. Plaintiffs' federal claims rely exclusively on the alleged highspeed chases and races of non-party fleeing drivers, and the racial demographics of neighborhoods where the pursuits of non-party fleeing drivers were initiated. Plaintiffs plead no facts suggesting they themselves were chased, discriminated against, or their neighborhood discriminatorily selected for a highspeed chase. Plaintiffs do not identify the locations or

---

[7] Doc. 5-1; Doc. 14-3; Exhibit 1.
[8] The specific crimes charged are irrelevant if the § 1983 claims would cause a civil judgment in the plaintiff's favor to "collide" with the criminal judgment. *Cormier v. Lafayette City-Parish Consol. Gov't*, 493 F. App'x 578, 583-84 (5th Cir. 2012) (citing *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995)).

neighborhoods where their alleged injuries occurred or the racial demographics of their neighborhoods. Nor do they plausibly allege that HPD officers controlled any fleeing drivers' chosen route or dangerous driving to deliberately target Jackson, Wiley, or Henderson, for injury or based on their races. The pleadings do not support an inference that the City or its officers were aware of the presence or races of Jackson, Wiley, or Henderson.

Similarly, Plaintiffs lack standing to sue based on the unidentified general demographics of the unidentified neighborhoods where they were walking or driving, the use of vehicles, streets, sidewalks, and neighborhoods. A plaintiff raising only a generally available grievance about government, claiming harm and relief that no more directly or tangibly benefits him than it does the public at large, does not state a case or controversy under U.S. Const. art. III. *See Sierra Club v. Glickman*, 156 F.3d 606 (5th Cir. 1998); *Lujan*, 504 U.S. at 573-74. "[An] asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court." *Allen* v. *Wright*, 468 U.S. 737, 754 (1984). "It is not enough, the [Supreme] Court held, that the plaintiffs or the district court identified a constitutional problem with the [alleged conduct]. Nor could the plaintiffs identify one injury and then bootstrap it to complain about others." *In re Gee*, 941 F.3d 153, 160 (5th Cir. 2019) (citations omitted) (discussing *Lewis v. Casey*, 518 U.S. 343, 358 (1996)). Without plausibly identifying any constitutional injury in fact traceable to Defendant or its employees, that is precisely what Plaintiffs attempt to do here.

### III. <u>Plaintiffs lack statutory standing and fail to state an injury in fact actionable under 42 USC § 1982.</u>

Plaintiffs allege no facts to show the City intentionally racially discriminated against them in the sale or rental of real or personal property covered by section 1982.[9] The alleged rights to

---

[9] *See Lee v. Ishee*, 383 F. App'x 499, 500 (5th Cir. 2010); *see also Vaughner*, 804 F.2d at 877 (citing S*ave Our Cemeteries, Inc. v. Archdiocese of New Orleans, Inc.*, 568 F.2d 1074, 1078 (5th Cir.), cert. denied, 439 U.S. 836 (1978); *City of Memphis v. Greene*, 451 U.S. 100, 123-24 (1981)).

8

the "use [of] "public and private property, including [] vehicles, sidewalks, and roads in their neighborhoods," are not covered by section 1982. Doc. 4-1 at ¶¶97-108. Section 1982 is limited to the sale or rental of private property, not the "use" of private property or public roads and sidewalks, which is all that Plaintiffs claim. *Love v. De Carlo Homes, Inc.*, 482 F.2d 613, 615-16 (5th Cir. 1973). Finally, Section 1982, like Section 1981, "requires an intentional act of racial discrimination by a defendant." *Vaughner v. Pulito*, 804 F.2d 873, 877 (5th Cir. 1986). *See also Powell v. Zurich Am. Ins. Co.*, 653 Fed. Appx. 292, 294 (5th Cir. 2016). Plaintiffs allege no facts to show the City intentionally racially discriminated against them personally in the sale or rental of real or personal property covered by section 1982.

## IV. Plaintiffs lack standing and fail to allege an injury in fact under the Fourteenth Amendment, Substantive Due Process Clause.

The Supreme Court has held that "high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment, redressable by an action under § 1983.'" *O'Neal v. Cazes*, 257 F. App'x 710, 713 (5th Cir. 2007) (citing *County of Sacramento v. Lewis*, 523 U.S. 833 (1998). "[I]n the context of high-speed police chases, even deliberate indifference or recklessness would be insufficient to state a claim under the due process clause." *Id.* (quoting *Lewis*, 523 U.S. at 848-49). Plaintiffs do not plausibly allege any actions directed against or intent to harm Jackson, Wiley, or Henderson, by the City or its officers. Instead, Plaintiffs allege that the City "intended to worsen Plaintiffs' legal rights and the legal rights of the drivers" by racially profiling "drivers and demographics of the neighborhoods" for "highspeed chase," "racially profiling them." Doc. 4-1 at ¶¶80, 92, 105.[10] The alleged fleeing drivers (if any) are not parties to this suit, and Plaintiffs lacks standing to

---

[10] *See O'Neal*, 257 F. App'x at 713-14 (holding that "whatever the Supreme Court meant by 'worsen their legal plight,' it is clear that [Deputy] Bouquet was far from crossing the 'constitutional line,' *Checki v. Webb*, 785 F.2d 534, 538 (1986), as he was engaged in legitimate law enforcement activity regarding the events concerning the mystery vehicle.'")

9

pursue purported claims on their behalf. *See, e.g., Mireles v. City of Harlingen*, Civil Action No. B:13-81, 2013 U.S. Dist. LEXIS 186342, at *27-28 (S.D. Tex. 2013) (dismissing similar claims of alleged bystander).

The Fifth Circuit "has consistently refused to recognize" a state-created danger theory of § 1983 liability. *Beltran v. City of El Paso*, 367 F.3d 299, 307 (5th Cir. 2004). Plaintiffs do not allege an injury in fact traceable to the City under the state-created danger theory, even if it were available in this Circuit, because their pleadings negate any claim that the City knowingly created or increased the danger to Plaintiffs who were known victims. *Id.* at 307-08.

Plaintiffs lack standing to assert claims that the City "increased the danger to all [bystanders], a large class of people that happened to include [Plaintiffs]."[11] The state created danger theory does not extend to foreseeable victims, *Lester v. City of Coll. Station*, 103 F. App'x 814, 815 (5th Cir. 2004) (per curiam), because "increasing the risk of harm to unidentified and unidentifiable members of the public ... [is] not sufficiently willful and targeted toward specific harm to remove the case to the domain of constitutional law." *Saenz v. Heldenfels Bros., Inc.*, 183 F.3d 389, 392 (5th Cir. 1999). The alleged "dangers" associated with police vehicular pursuits were not unique to Plaintiffs or the pursued drivers and does not state a case or controversy under U.S. Const. art. III. *See Sierra Club v. Glickman*, 156 F.3d 606 (5th Cir. 1998); *Lujan*, 504 U.S. at 573-74.

Furthermore, the Fifth Circuit has explicitly "cautioned against finding liability under the state-created danger theory based upon an ineffective policy or practice in cases where the ***plaintiff's injury is inflicted by a private actor.***" *Doe ex rel. Magee v. Covington County Sch. Dist. ex rel. Keys*, 675 F.3d 849, 866 (5th Cir. 2012). Thus, even if the state-created danger theory were

---

[11] Plaintiffs rely on the conclusory allegation that by racially profiling "drivers and demographics of the neighborhoods" for "highspeed chase," the "Defendant was [sic] consciously intended to harm the rights of Plaintiffs and others within the community." Doc. 4-1 at ¶¶ 80, 92, 105.

a recognized exception in the Fifth Circuit, Plaintiffs lacking standing because their federal claims arise from the pursuits of fleeing drivers who created the alleged dangers, not the City. *Id.*

V. **The Court lacks subject matter jurisdiction over Plaintiffs' alleged state law causes of action.**

The City is a governmental entity protected by immunity from state law claims, absent waiver.[12] Immunity from suit defeats a trial court's subject-matter jurisdiction. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). A party suing a governmental entity bears the burden of affirmatively demonstrating a trial court's jurisdiction, and must establish the state's consent, which may be alleged either by reference to a statute or to express legislative permission. *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).

The Texas Tort Claims Act (TTCA) provides a limited waiver of immunity for certain suits against governmental entities.[13] Relevant here, the TTCA waives immunity for personal injuries proximately caused by the negligence of a government employee acting in the scope of his employment if the injury "arises from the operation or use of a motor-driven vehicle." *Id.* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1).

    A. **Henderson and Wiley were not injured or killed by a City employee's operation or use of a motor vehicle.**

"The Texas Supreme Court has specifically explained that, for the operation or use of a motor-driven vehicle, *the government employee must have been 'actively operating the vehicle at the time of the incident.*" *Ryder Integrated Logistics, Inc. v. Fayette Cty.*, 453 S.W.3d 922, 927 (Tex. 2015). Plaintiffs do not plausibly allege injuries to Henderson or Wiley "aris[ing] from the operation or use of a motor-driven vehicle" by a City employee. Plaintiffs seek damages for

---

[12] *City of Sugar Land v. Gaytan*, No. 01-18-01083-CV, 2020 Tex. App. LEXIS 3562, at *8 (Tex. App.—Houston [1st Dist.] Apr. 28, 2020, no pet.) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 101.001(3)(B); *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004).

[13] *See* TEX. CIV. PRAC. & REM. CODE §§ 101.001-.109; *City of Houston v. Garza*, No. 01-18-01069-CV, 2019 Tex. App. LEXIS 5702, 2019 WL 2932851, at *4 (Tex. App.—Houston [1st Dist.] July 9, 2019, no pet.) (mem. op.).

11

injuries to Wiley and Henderson caused by independent third parties—Cameron Rogers and a minor female—not employed by the City, defeating their ability to overcome the City's immunity from any state law claim as a matter of law.[14] *Id*. *See also Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 197 (5th Cir. 2015) (affirming dismissal of claims because the TTCA's "motor-vehicle exception does not apply to situations in which a government employee was not operating the vehicle that caused the plaintiff's injuries").

Furthermore, Henderson's claims rely on the alleged use or non-use of information — the alleged failure of the HPD Officer who had earlier pursued the minor female to notify "assisting jurisdictions" of his decision to terminate her pursuit—which does not establish any valid waiver of the City's immunity.[15] Texas courts have categorically rejected subject matter jurisdiction claims based on an alleged non-use or failure to act by a governmental employee.[16]

B.   **The emergency exception applies to bar Jackson's claims.**

Jackson's allegations conclusively establish the emergency exception to any waiver of the City's immunity. *City of San Antonio v. Maspero*, 640 S.W.3d 523 (2022). "When the exception applies, the [TTCA] is unavailable as a waiver of immunity even if the facts otherwise fall within… Section 101.021." *City of Hous. v. Vogel*, No. 01-22-00071-CV, 2022 Tex. App. LEXIS 8236, at *8-9 (Tex. App.—Houston [1st Dist.] Nov. 8, 2022, no pet. h.). Under section 101.055(2),

---

[14] *See also Gaytan*, LEXIS 3562, at *11-13 (dismissing claims for lack of subject matter jurisdiction because, "Gaytan does not allege that either of the City's law enforcement officers, or any other governmental employee, drove the car with which he ultimately collided. And Gaytan does not allege that the City's law enforcement officers or any governmental vehicle were involved in the ultimate collision in which he was injured.").

[15] *See University of Texas Med. Branch at Galveston v. York*, 871 S.W.2d 175 (Tex. 1994) (governmental immunity is not waived for negligence involving the use, misuse, or non-use of information); *City of Boerne v. Vaughan*, 2012 WL 2839889, No. 04-11-0821 (Tex. App.—San Antonio 2012, no pet.) (immunity not waived for reliance on inaccurate information provided by the city to a third party); *Jefferson County v. Sterk*, 830 S.W.2d 260 (Tex. App.—Beaumont 1992, writ denied) (immunity not waived for a capias, which was inadvertently not removed from the active warrant files and resulted in the mistaken arrest of an individual).

[16] *See Gainesville Memorial Hospital v. Tomlinson,* 48 S.W.3d 511, 514 (Tex. App.—Fort Worth 2001, pet. denied) ("Tomlinson did not demonstrate a waiver of immunity because the nurse's aid failed to use the intercom to call a nurse or anyone else for assistance in tending to her."); *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 584 (Tex. 1996) (the mere non-use of property cannot support a claim under the TTCA); *Kassen v. Hatley*, 887 S.W.2d 4, 14 (Tex.1994) (same).

immunity is not waived for a claim arising from the action of an employee while responding to an emergency call or reacting to an emergency situation, if the action was in compliance with the laws and ordinances applicable to the situation. TEX. CIV. PRAC. & REM. CODE § 101.055(2). If no law or ordinance is applicable to the situation, then the "emergency exception" will apply if the employee's action was not taken with conscious indifference or reckless disregard for the safety of others. *Id.*

Texas Transportation Code § 546.001 allows officers responding to emergencies to violate various traffic laws, including "proceed[ing] past a red or stop signal or stop sign," "exceed[ing] a maximum speed limit," and "disregard[ing] a regulation governing . . . movement or turning in specified directions." *Maspero*, 640 S.W.3d at 530-31; TEX. TRANSP. CODE §546.001. Officers must employ sirens consistent with department policy when they are driving in a way that would violate those laws. *Id.* at 530-31.

Officer Hernandez was responding to an "officer assist" emergency call, driving at high speeds with his vehicle's lights and sirens activated. Doc. 14-3 at 2-3, 8; Doc. 4-1 at ¶¶61-63. The call related to apprehended armed suspects who had carjacked a woman at gunpoint in a fiesta parking lot. *Id.* Plaintiffs allege Officer Hernandez veered right to avoid traffic at an intersection and onto a sidewalk, striking Jackson, a pedestrian. While Plaintiffs claim Officer Hernandez drove at a high rate of speed, they concede that he employed lights and sirens and was responding to an emergency.[17] Thus, they do not plausibly allege a violation of the laws governing emergency vehicles that was the proximate cause of their injuries. Even if they did, section 101.055(2) requires a causal nexus between the plaintiff's claim and the government employee's reckless or

---

[17] The original petition claimed Jackson was struck by an HPD patrol vehicle with activated lights and siren driven by Officer Orlando Hernandez and his partner, when they were **en route to an "*officer assist*" emergency call.** Doc. 1-1; Doc. 14-3. The pleadings were amended to claim the officers were en route to assist with a "*pursuit in progress*" by other officers that had already terminated when the accident occurred. Doc. 4-1 at ¶¶61-62.

illegal action.  *Maspero*, 640 S.W.3d at 531.  Plaintiffs do not allege a failure to use sirens that was the proximate cause of Jackson's injuries.  Accordingly, the exception applies unless Plaintiffs plausibly allege that Officer Hernandez acted "with conscious indifference or reckless disregard for the safety of others."  *Id.*

The Texas Supreme Court has held that ***speeding*** and ***swerving*** "are insufficient to bypass the emergency exception."  *Id.*  The Court explained:

> First, a police officer's speeding and swerving during a pursuit are not inherently reckless actions.  Exceeding the speed limit is part and parcel of a police chase.  As the U.S. Supreme Court noted in *Scott v. Harris*, to hold otherwise is to incentivize fleeing criminals to drive as recklessly as possible.  550 U.S. 372, 385 (2007) ("[W]e are loath to lay down a rule requiring the police to allow fleeing suspects to get away whenever they drive *so recklessly* that they put other people's lives in danger. . . . Every fleeing motorist would know that escape is within his grasp, if only he accelerates to 90 miles per hour, crosses the double-yellow line a few times, and runs a few red lights.").

*Maspero,* at 531-32.  Allegedly speeding and veering right to avoid traffic "do not suggest that Officer [Hernandez's] actions generated "extreme risk" beyond that which is inherent in high-speed pursuits."  *Id.*  "They also do not raise the inference that []he 'reckless[ly] disregard[ed]' the increased danger generated by h[is] actions."  *Id.*  Like the officer in *Maspero*, Officer Hernandez demonstrated intent to minimize potential harm by steering to avoid traffic ahead of him and engaged in some degree of risk assessment.  *Id.*  Pursuant to Section 101.055's emergency exception, the Tort Claims Act "does not apply" to Plaintiffs' claims.  *Id.*  Therefore, the Act does not waive the City's immunity from suit.  *Id.*

## **CONCLUSION AND PRAYER**

Defendant City of Houston respectfully prays that the Honorable Court grant this Motion and Dismiss Plaintiffs' claims against them without prejudice for lack of subject matter jurisdiction and grant all further relief to which the City may be justly entitled.

                                              Respectfully submitted,

                                              **ARTURO G. MICHEL**
                                              **City Attorney**

                                              KELLY A. DEMPSEY
                                              Chief, Torts & Civil Rights Section

Date: July 11, 2023.          By:    */s/ Melissa Azadeh*
                                              MELISSA AZADEH
                                              Senior Assist
                                              State Bar No. 24064851
                                              Telephone (832) 393-6270
                                              Facsimile (832) 393-6259
                                              melissa.azadeh@houstontx.gov
                                              CITY OF HOUSTON LEGAL DEPARTMENT
                                              900 Bagby Street, Third Floor
                                              Houston, Texas 77002
                                              **ATTORNEYS FOR DEFENDANT**
                                              **CITY OF HOUSTON**

## **VERIFICATION**

I hereby verify, under penalty of perjury, that the attached Exhibit contains a true and correct copy of certified public records of the Texas Department of Public Service, with redactions to conceal the identity of the minor female involved.

    <u>July 11, 2023</u>                    */s/ Melissa Azadeh*
    Date                              Melissa Azadeh

## **CERTIFICATE OF SERVICE**

I certify that on July 11, 2023, pursuant to Federal Rules of Civil Procedure, a true and correct copy of the foregoing document, and any attachments, were delivered to all opposing counsel(s) by electronic filing of same in accordance with the District's ECF service rules, and alternatively via e-mail and/or facsimile transmission, to:

Michael Patrick Doyle
Patrick M. Dennis
Jeffrey L. Avery
Emma r. Brockway
Doyle Dennis LLP
3401 Allen Parkway, Suite 100
Houston, Texas 77019
service@doylelawfirm.com

Reginald E. McKamie, Sr.
Law Office of Reginald E. McKamie, Sr.
2120 Welch St.
Houston, Texas 77019
mckamie@mckamie.com

                                                  */s/ Melissa Azadeh*
                                                  Melissa Azadeh